## AMOS BARRETT *vs.* JOHN SWANN & *als.*

If four persons, by an greement in writing, enter into an association for the manufacture of paper, providing for the purchase of stock and the sale of paper indefinitely, they are partners in the business; although there is no express stipulation to share profit and loss, as that is an incident to the prosecution of their joint business.

If a note be given by an individual partner in the name of the partnership, although it be limited to a particular branch of business, it is *prima facie* evidence that the note was given on the partnership account.

EXCEPTIONS from the District Court, for the Middle District, REDINGTON J. presiding.

Assumpsit against *John Swann, John Woodcock, B. T. Pierce* and *Daniel F. Harding*, on a note of the following tenor.

"*Camden*, 20 *August*, 1829. For value received we promise to pay *Amos Barrett*, or order, fifty-four dollars and fifty-one cents within sixty days, with interest. *Swann, Woodcock & Co.*"

*Swann, Woodcock* and *Pierce* were defaulted, but *Harding* denied that he was one of that company, and also denied that the note was signed by him, or with authority from him. It was proved by the plaintiff that the business of making paper was carried on by *Swann* and some others, under the name of *Swann, Woodcock & Co.* To prove that *Harding* was one of the partners, the plain-

tiff read in evidence a paper signed by the four defendants only, of which a copy follows. "The subscribers, owners of the paper mill, for the purpose of economy, adopt the following arrangement, until they shall think it best to adopt other arrangements. *John Woodcock* is to be sole manager and foreman, and keep the accounts, at one dollar and twenty-five cents per day, and board himself. *Mr. Swann* is to have one dollar per day for his labor in the mill, and board himself. *E. H. Barrett* is to be engineer three months, at eighteen dollars per month, and board himself. *Mr. Pierce* is to collect stock and market the paper, at one dollar per day, and expenses paid. *Camden, Aug.* 20, 1829."

*Amos Barrett, Sen.* and *Swann* owned the papermill, when *Barrett* died, *Jan.* 25, 1829. The plaintiff was appointed executor of the will of *A. Barrett, Sen.* and took some agency in the management of the mill until the next *May*, when he resigned as executor. *April* 3, 1829, the plaintiff and *E. H. Barrett*, and also *Henry True* and the defendant *Harding*, with their wives, being the heirs of the deceased, and *Swann* conveyed to *Woodcock* and *Pierce* one undivided half of the papermill. *Harding* was appointed administrator on the estate with the will annexed. A witness introduced by the defendant testified, that he heard a conversation between *A. Barrett, Sen.* and the plaintiff, and from that conversation he considered the plaintiff interested in the papermill.

The defendant requested the Judge to instruct the jury, that if they found that the plaintiff was jointly interested with *Swann, Woodcock & Co.* in manufacturing paper, at the time when the note was given, as a partner, that the action could not be maintained. This instruction was given. He also requested, that the jury be instructed, that the defendant, *Harding*, would not be accountable in this action, unless he was a copartner in the firm of *Swann, Woodcock & Co.* at the date of the note. This was given as an instruction. He also requested an instruction, that this action could not be maintained, unless the note was given for something appertaining to the manufacturing of paper; and that the burden of proof was on the plaintiff to show for what the note was given. The Judge instructed the jury, that the note could not be recovered unless given in the way of the business of the firm,

but that it would be presumed to be so given, unless the defendant should repel that presumption by proving that it was given for some other consideration. The jury were instructed that the paper, signed by the four defendants, was *prima facie* evidence that *Harding* was one of the partners in said firm, but that it was competent for the defendant to repel that presumption by proof. The defendant then requested that the jury should be instructed, that this presumption was sufficiently repelled by the fact, that *Harding* was administrator of the estate of *A. Barrett, Sen.* at the time the note was given. This was not given.

The verdict being for the plaintiff, the defendant filed exceptions.

*Harding, pro se,* contended, that the instruction of the Judge, that the jury might presume that this note was given for a partnership debt, unless the presumption was repelled by the defendant, was wrong. *Man. & Mec. Bank* v. *Winship,* 5 *Pick.* 11. Although it has been decided, that as between the signers and the world, this agreement makes them partners, yet it does not, as between them and the plaintiff, one of the heirs and an owner in the mill. As between them, there must be a participation in profits and loss. This paper was intended to prevent its being considered a partnership, not to make it one. The presumption that the note was given for a partnership debt was sufficiently repelled by proof, that the defendant was administrator. There was another company using the same partnership name, and the presumption is stronger, that it was intended for that, than this.

*J. S. Abbott* argued for the plaintiff, and cited *Doak* v. *Swann,* 8 *Greenl.* 170 ; *Gow on Part.* 79, 211 ; *Parker* v. *Merrill,* 6 *Greenl.* 41 ; *Odiorne* v. *Maxcy,* 13 *Mass. R.* 178 ; 5 *Pick.* 11, cited for the defendant.

The opinion of the Court was by

WESTON C. J. — The defendants, on the day of the date of the note in question, by a writing under their hands, entered into an association for the manufacture of paper. To three of them were assigned distinct departments of duty. The purchase of stock, and the sale of paper indefinitely was provided for. No stipu-

Barrett *v.* Swann.

lation was expressly made to share profit and loss; but this results as incident to the prosecution of their joint business. Why this does not constitute a partnership, even between themselves, it may not be easy to perceive. The case *Doak* v. *Swann & al.*, 8 *Greenl.* 170, is exactly in point; and the decision there was made upon the same instrument.

The defendants describe themselves as the owners of the paper-mill, but it appears that there were other owners. They did not become partners, by reason of their being owners of the mill. The case cited, negatives that ground. It was because they entered into a joint association for the manufacture of paper. To this the plaintiff was no party. He was a stranger to the partnership; and so the jury must be taken to have found, under the direction of the Judge. This does away any ground of distinction, raised in argument, upon the assumption that the plaintiff had a joint interest in the concern.

The partnership was limited to a particular branch of business; but the note is given in the name of the firm, and it is neither suggested nor proved, that it was a fraud upon them. In such cases the liability of the firm is presumed, unless shown to have been given on some other account. In the *Manuf. and Mechanics Bank* v. *Winship & al.* 5 *Pick.* 11, the defendants were partners in the business of making soap and candles, which was not, any more than this, a general partnership. The reason why the plaintiffs were there held to prove, that the note was given on partnership account was, that this was not indicated by the signature. Had this been the fact, as it was here, it was in that case held, that it would have been *prima facie* evidence of a partnership transaction.

The note bears the same date with the instrument, signed by all the defendants. They might have made purchases and incurred liabilities, on partnership account, on that day. And in the absence of all opposing testimony, this is fairly to be presumed. It has been urged for the defendant, *Harding*, that there was a company, using the same partnership name, of which he was not a member. Had this appeared in the exceptions, and been made a point in the case, proof might well have been required, that the note was given on account of the business of his firm. But this is matter of mere

suggestion, which cannot be received to affect the case, as certified by the court below.

*Exceptions overruled.*